[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION APPLICATION FOR PROTECTION (#101) AND OBJECTIONTHERETO
On June 19, 1995, the plaintiff, Federal Home Loan Mortgage Corporation, instituted this foreclosure action against the defendants, Lawrence and Anne Levine, seeking foreclosure on the defendants' home for default on a note executed by the defendants on October 16, 1986, to The Banking Center.[1] On July 7, 1995, the defendants filed an Application for Protection from Foreclosure, together with a financial affidavit, pursuant to General Statutes § 49-31f. On February 16, 1996, the plaintiff filed an Objection to the Application for Protection from Foreclosure.
The plaintiff objects to the defendants' Application for Protection from Foreclosure on the grounds that the defendants would not have sufficient income to support a debt restructuring pursuant to Section 49-31 et seq. The plaintiff contends that the principal mortgage debt at the end of the restructuring period would clearly be greater than the present principal mortgage debt, because all additional interest, late charges, attorney's fees and costs are added to the restructured mortgage debt pursuant to Section 49-31i(a).
General Statutes § 49-31f provides in pertinent part: "a homeowner who is underemployed or unemployed against whom a foreclosure action is brought may make application, together with a financial affidavit, to the court having jurisdiction over the foreclosure action for protection from foreclosure if: (1) The mortgage being foreclosed encumbers the residential real property, which property has served as his principal residence, for a period of not less than two years, (2) such homeowner has not had a foreclosure action commenced against him in the preceding seven-year period and (3) such homeowner has not received an emergency mortgage assistance loan and has not applied for emergency mortgage CT Page 4225-S assistance for two years before the application. . . ."
"The act permits the court to consider any relevant facts, but mandates that it consider: (1) the likelihood that the homeowner will be able to make timely payments on the restructured mortgage commencing at the end of the restructuring period; and (2) the presence of any substantial prejudice to the lender or any subordinate lienor or encumbrancer which would result from a restructuring of the mortgage debt." Dime Savings Bank v. Romano,
Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 284925, (June 17, 1992, Katz, J., 6 Conn. L. Rptr. 585).
The defendant's financial affidavit will not provide the court with sufficient information upon which to act. Thus, an evidentiary hearing is necessary to determine the defendants' ability to meet the restructured mortgage payments if their application is granted. See M T Mortgage Corporation v. Houk,
Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 304621 (August 4, 1995, Tobin, J.)
This court so orders.
HICKEY, JUDGE